**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

JOSE ANGEL BELTRAN-MORENO, aka
El Tan Beltran,
            *Defendant-Appellant.*

No. 07-10368

D.C. No.
CR-05-00546-NVW
District of Arizona,
Phoenix

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

ABRAHAM BELTRAN-MORENO, aka
Abram aka Abram Beltran-Moreno
aka Adrian Beltran-Figueroa,
            *Defendant-Appellant.*

No. 07-10370

D.C. No.
CR-05-00546-NVW
District of Arizona,
Phoenix

ORDER

Filed March 10, 2009

Before: Procter Hug, Jr., Stephen Reinhardt and
A. Wallace Tashima, Circuit Judges.

---

## ORDER

The opinion filed February 10, 2009 is amended as follows:

1.  At Slip Op. 1589, replace "on top of any other sentence" with <in addition to any other sentence>.

2.  At Slip Op. 1589, delete the text of footnote 1 and replace it with:

<We note that there appears to be an error in the formal judgments of conviction for both defendants. *Compare* Reporter's Transcript of Proceedings (Status Conference/Change of Plea) at 35-37, *United States v. Beltran-Moreno*, No. 05-00546-NVW (D. Ariz. March 8, 2007) (No. 427), *and* Superceding Indictment at 3, *Beltran-Moreno*, No. 05-00546-NVW (D. Ariz. June 8, 2005) (No. 43) (showing surplusage crossed-out), *with* Judgment in a Criminal Case at 1, *Beltran-Moreno*, No. 05-00546-NVW (D. Ariz. July 7, 2007) (Nos. 392, 393) (formal judgments including surplusage). The error is of no significance for purposes of this appeal.>

3.   At Slip Op. 1590, replace "the district judge exercised his discretion under 18 U.S.C. § 3553(a) to depart downward from the Guidelines recommendation, sentencing the defendants to thirty-five years in prison instead of imprisoning them for the rest of their lives as the Guidelines suggest, but no longer mandate" with <the district judge exercised his discretion under 18 U.S.C. § 3553(a) and imposed a sentence of thirty-five years, which was well below the Guidelines recommendation of a life sentence>.

4.   At Slip Op. 1591, replace "For reasons beyond our understanding, the Beltrans have *appealed* their sentences, arguing that instead of imposing a mandatory minimum of twenty years, the district court should have consolidated the two § 924(c) sentences into a single five-year term and imposed a fifteen-year minimum sentence for each of them." with <For reasons beyond our understanding, the Beltrans *appealed* their sentences, and counsel argued that instead of imposing a mandatory minimum of twenty years, the district court should have imposed only a single five-year sentence under § 924(c) and therefore a total mandatory minimum of fifteen years for each of them.>.

5.   At Slip Op. 1591-92, replace "In this case, the two § 924(c) counts are respectively predicated on possession with

intent to distribute methamphetamine, 21 U.S.C. §§ 841(a), (b)(1)(A)(viii), and possession with intent to distribute cocaine, *id.* §§ 841(a), (b)(1)(A)(iii)." with <In this case, the two § 924(c) counts respectively charged the defendants with possessing a firearm on March 12, 2005 in furtherance of their possession with intent to distribute methamphetamine, 21 U.S.C. §§ 841(a), (b)(1)(A)(viii), and with possessing a firearm on June 22, 2005 in furtherance of their possession with intent to distribute cocaine, *id.* §§ 841(a), (b)(1)(A)(iii); both firearm counts also incorporated the drug conspiracy count to which the defendants pled guilty.>

6.   At Slip Op. 1592, replace "rather, they appear simply to be ignorant of the controlling law" with <rather, Jose's counsel at least appears simply to be ignorant of the controlling law.>. To that amended sentence, attach the following new footnote:

<Jose's attorney argues, without mentioning the contrary holding in *Smith*, that "the statute does not . . . require each firearm sentence to . . . be consecutive to each [other] firearm sentence." Abraham's attorney presents a slightly different claim, albeit with the same result. He argues that the predicate offenses for Abraham's two gun charges are not distinct because the factual basis adduced by the government during Abraham's plea colloquy establishes his guilt with respect to only a single drug conspiracy count and no more. While not legally frivolous, this argument is clearly belied by the very portion of the record Abraham's counsel quotes in his brief. Abraham's counsel asserts that the factual basis for Abraham's plea establishes that the first firearm count was predicated on the drug conspiracy count. The record demonstrates that the prosecutor established that Abraham's second gun count was predicated on "the crime of possession [with intent to distribute] methamphetamine." Under our circuit law as it has

existed for over ten years, "possession with intent to distribute and conspiracy [to possess with intent to distribute] are two separate offenses for section 924(c) purposes." *United States v. Lopez*, 37 F.3d 565, 570 (9th Cir. 1994), *vacated on other grounds* 516 U.S. 1022 (1995); *see United States v. Andrews*, 75 F.3d 552, 557-58 (9th Cir. 1996) (reaffirming *Lopez*'s § 924(c) sentencing analysis). Accordingly, the conclusion that Abraham is properly subject to two consecutive § 924(c) sentences is inescapable.>

7.    At Slip Op. 1593, replace "strong warning for the defendant's appellate counsel" with <strong warning for appellate counsel>. In the following sentence, at Slip Op. 1594, insert the word <here> between "have counsel" and "avoided a disposition".

8.    At Slip Op. 1594, insert the words <the record and> between "research" and "the relevant case law". In the sentence after that, delete the words "one has been".

9.    At Slip Op. 1594, replace the sentence "We also remind counsel of their ethical obligations not to present arguments to this court that are legally frivolous." with the following two sentences: <We also remind counsel of their ethical obligations not to present frivolous arguments to this court. If, after counsel have researched the governing law and advised their clients of the lack of merit in their appeal and of the potentially severe adverse consequences they face, their clients still insist on going forward, counsel are best advised to file a brief with this court as set forth in *Anders v. California*, 386 U.S. 738, 744 (1967).>.

No subsequent Petitions for Rehearing or Rehearing En Banc shall be permitted in No. 07-10368. The Petition for Rehearing and Suggestion For Rehearing En Banc in No. 07-10370 is due by March 26, 2009 consistent with the Clerk's Order filed February 25, 2009.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2009 Thomson Reuters/West.